UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID LAX**     **BOP #57735-018** | : | **CIVIL ACTION NO. 14-2314**     **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHARLES MAORANIA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *habeas corpus* petition filed under 28 U.S.C. § 2241 *pro se* by David Lax (hereinafter "Lax"), an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (FCIO). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons given below, it is recommended that the plaintiff's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Lax claims that he is held at FCIO in violation of his constitutional rights. Specifically, he claims that he has been denied proper medical care for progressive spinal stenosis and alleges that this constitutes a violation of his Eighth Amendment rights against cruel and unusual punishment. Doc. 1, att. 2, pp. 1-2. Lax contends that neurosurgeon appointments have been intentionally delayed, and that pain medication and physical assistance have been denied. *Id*.

## II.
### LAW AND ANALYSIS

We are called upon to determine whether to treat the above claims as a petition for *habeas corpus* as Lax advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Generally, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997).  The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings:  if "a favorable determination...would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*), *cert. denied*, 516 U.S. 1059 (1996), the proper vehicle is a civil rights suit.

Based upon a review of the pleadings herein, it is clear that Lax has asserted a civil rights claim. Specifically, his civil rights claims do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).  Lax is not challenging his conviction or asserting he should not be in custody. Thus, he has failed to state a claim for which relief can be granted and this matter should be dismissed.

Accordingly,

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under § 1983).

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Lax's ability to pursue his claims by filing the appropriate civil rights action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 20th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE